UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JOHN MEGGS,<br><br>    Plaintiff,<br><br>v.<br><br>S. JONES 300 L.P.,<br><br>    Defendant. | Case No. 2:24-CV-2029-GMN-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff John Meggs' Motion to Compel Inspection (ECF No. 20). The Court reviewed the Motion, Defendant's Opposition (ECF No. 21), Plaintiff's Reply (ECF No. 23), and Defendant's Counter Motion for Attorney Fees and Costs (ECF No. 24). The Court finds as follows.

**I.  Discussion**

"Discovery is supposed to proceed with minimal involvement of the Court." *Cardoza v. Bloomin' Brands, Inc.*, 141 F.Supp.3d 1137, 1145 (D. Nev. 2015) (internal citations and quotations omitted). "A threshold issue in the review of any motion to compel is whether the movant made adequate efforts to resolve the dispute without court intervention." *Id*. (citing Fed. R. Civ. Pro. 37(a)(1)). Under U.S. District Court for the District of Nevada Local Rule 26-6(c) "[d]iscovery motions will not be considered unless the movant (1) has made a good-faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request."

Here, the Court finds Plaintiff failed to comply with this threshold requirement before filing the instant Motion. In his Reply, Plaintiff suggests because he sent Defendant a copy of the Motion two days prior to its filing, he made an effort to satisfy this requirement. ECF No. 23 at 2. Said simply, sending a motion two days before filing cannot reasonably be construed as inviting a "frank exchange between counsel to resolve issues by agreement … before judicial resolution is sought."

*Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D. Nev. 1993).[1] The failure to engage in a good faith effort to resolve this issue through a meet and confer is grounds alone to deny Plaintiff's Motion. LR IA 1-3(f)(4).

Further, Plaintiff does not establish good cause or excusable neglect as required by Fed. R. Civ. P. 16(b)(4) and Local Rule 26-3.[2] Federal Rule of Civil Procedure 16(b)(4) allows extensions to the Court's scheduling order "only for good cause and with the judge's consent." The Rule's "good cause standard primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (internal quote marks and citation omitted). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

When determining whether a party's failure to meet a scheduling deadline constitutes excusable neglect, the Court applies "a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Walls v. Corecivic, Inc.*, Case No. 2:14-cv-02201-KJD-PAL, 2018 WL 3973401, at *3 (D. Nev. Aug. 17, 2018) (quoting *Irvine Unified Sch. Dist. v. K.G.*, 853 F.3d 1087, 1091 (9th Cir. 2017)). Plaintiff does not address either standard until Reply in which counsel admits to missing deadlines because of his (office's) failure to calendar deadlines and the departure of an employee. ECF No. 23 at 2. Without more, the Court finds this to be the type of carelessness *Johnson* warned against.

Because the parties have not conducted a meet and confer on the inspection, and because Plaintiff has not established good cause or excusable neglect, the Court denies the pending Motion without prejudice. Should the parties meet and confer on the inspection and be unable to reach a resolution, Plaintiff may once again file a motion to compel; provided, however, he demonstrates the motion is based upon good cause and excusable neglect.

---

[1] The Court rejects Plaintiff's attempt to characterize this rule as putting "form over substance" by comparing his position to that of the *pro se* prisoner litigant in *Howard v. Boyd*, Case No. 2:20-cv-00462-GMN-NJK, 2022 WL 257021, at *2 (D. Nev. Jan. 26, 2022).

[2] Plaintiff filed the pending Motion two days after the close of discovery. *Cf.* ECF Nos. 19, 20. Since granting the Motion would require the Court to reopen discovery, Plaintiff was required to demonstrate good cause for the modification of the scheduling order and excusable neglect. LR 26-3.

Lastly, the Court denies Defendant's Counter Motion for Attorney Fees and Costs. LR IA 11-8 provides the Court with discretion to impose sanctions for certain conduct, including failure to comply with the local rules. The Court finds an award of attorney's fees is not warranted at this time.

## II. Order

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Compel Inspection (ECF No. 20) is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Counter Motion for Attorney Fees and Costs (ECF No. 24) is DENIED.

Dated this 20th day of November, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE