**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

JOHN MEGGS,

      Plaintiff,

  vs.

S. JONES 300 L.P.,

      Defendant.

Case No.: 2:24-cv-02029-GMN-EJY

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT**

   Pending before the Court is the Motion for Summary Judgment, (ECF No. 25), filed by Defendant S. Jones 300 L.P.  Plaintiff John Meggs filed a Response, (ECF No. 26), and Defendant filed a Reply, (ECF No. 28).  For the reasons discussed below, the Court GRANTS Defendant's Motion for Summary Judgment.

## I.  BACKGROUND

   This case arises from Defendant's alleged violations of the Americans with Disabilities Act ("ADA"). (*See generally* Compl., ECF No. 1).  Plaintiff is an individual with disabilities as defined by and pursuant to the ADA. (*Id.* ¶ 11).  Defendant owns the commercial properties located at 6155 W. Sahara Avenue and 6135 W. Sahara. Avenue. (6155 W. Sahara Avenue Real Property Assessment, Ex. E to Mot. Summ. J., ECF No. 25); (6135 W. Sahara. Avenue Real Property Assessment, Ex. F to Mot. Summ. J., ECF No. 25).  An Original Building Permit was issued for the property located at 6135 W. Sahara Avenue on May 14, 1985. (6135 W. Sahara Avenue Building Permit/Improvement Permit at 1, Ex. G to Mot. Summ. J., ECF No. 25).  A Tenant Improvement Building Permit was issued on March 27, 1986, for 6135 W. Sahara Avenue. (*Id.* at 2).  The property located at 6155 W. Sahara Avenue was issued an Original Building Permit on July 1, 1985. (6155 W. Sahara Avenue Building Permit/Improvement Permit at 1, Ex. H to Mot. Summ. J., ECF No. 25).  A Tenant

Improvement Building Permit was issued on June 11, 2007, for 6155 W. Sahara Avenue. (*Id.* at 3).

Plaintiff visits Defendant's properties frequently but encounters barriers to access in visiting Defendant's property and patronizing its businesses. (Compl. ¶ 19). The barriers to access include the following property areas: (1) parking and exterior accessible routes; (2) ramps and entrance access; (3) tables, counters, and lines; and (4) toilet rooms. (*See generally* Mattera Report, Ex. A to Resp., ECF No. 26-2). As a result of these barriers to access, Plaintiff brings claims against Defendant for violations of 42 U.S.C. § 12182 *et seq.*, the Americans with Disabilities Act ("ADA") and disability discrimination under Nevada Revised Statutes ("NRS") 651.070 *et seq.* (*See generally* Compl., ECF No. 1). Defendant now moves for summary judgment.

## II.    **LEGAL STANDARD**

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial." *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). "Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008). A principal purpose of summary judgment is "to

isolate and dispose of factually unsupported claims or defenses." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Restaurants, Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citation and quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied, and the court need not consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). However, the nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404,

1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts," *Orr v. Bank of Am., NT & SA,* 285 F.3d 764, 783 (9th Cir. 2002). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252. In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

## III. <u>DISCUSSION</u>

Defendant moves for summary judgment on Plaintiff's ADA and state law claims which the Court addresses in turn.[1]

Title III of the ADA prohibits discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). To succeed on a claim under Title III

---

[1] NRS 651.070 provides: "All persons are entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of any place of public accommodation, without discrimination or segregation on the ground of. . . disability. . . ." Nev. Rev. Stat. 651.070. NRS 651.090(a) and (b) provide a private right of action if a person withholds, denies, deprives, intimidates, or interferes with a person's exercise of a right or privilege secured by NRS 651.070, or attempts to do. The Supreme Court of Nevada looks to federal courts for guidance in discrimination cases. *See Pope v. Motel 6*, 114 P.3d 277, 280 (Nev. 2005). Thus, the Court's analysis regarding Plaintiff's ADA claim applies to its state law claim because NRS 651.070 "mirrors federal public accommodation protections." *See, e.g., Kisob v. Wynn Las Vegas, LLC*, No. 2:25-CV-00327-APG-DJA, 2025 WL 3158497, at *4 (D. Nev. Nov. 10, 2025).

of the ADA, "a plaintiff must show that (1) [he] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of [his] disability." *Doe v. CVS Pharmacy, Inc.*, 982 F.3d 1204, 1212 (9th Cir. 2020).

The first and second elements are not in dispute here. The disputed third element—whether Plaintiff was denied public accommodations by Defendant because of disability—is met if there was a violation of applicable accessibility standards. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011). There are three categories of accessibility requirements under Title III of the ADA: the "new construction" provisions, which apply to public accommodations constructed after January 26, 1993, 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; the "alteration" provisions, which apply to post-January 26, 1992 alterations to buildings that existed as of that date, 42 U.S.C. § 12183(a)(2); 28 C.F.R. § 36.402(a); and the "readily achievable" provisions, which apply to unaltered portions of buildings constructed before January 26, 1993, 42 U.S.C. § 12183(b)(2)(A)(iv); 28 C.F.R. § 36.304. *See, e.g., Moeller v. Taco Bell Corp.*, 816 F. Supp. 2d 831, 847 (N.D. Cal. 2011).

The parties do not dispute that the two properties were constructed before January 26, 1993. An Original Building Permit was issued for the property located at 6135 W. Sahara Avenue on May 14, 1985. (6135 W. Sahara Avenue Building Permit/Improvement Permit at 1, Ex. G to Mot. Summ. J., ECF No. 25). The property located at 6155 W. Sahara Avenue was issued an Original Building Permit on July 1, 1985. (6155 W. Sahara Avenue Building Permit/Improvement Permit at 1, Ex. H to Mot. Summ. J., ECF No. 25). Thus, the two properties are not governed by the "new construction" provisions of Title III. Still the Court must determine whether the summary judgment is warranted based on the "alteration" and/or "readily achievable" provisions.

### 1. Alteration Provisions

28 C.F.R. § 36.402 provides: "Any alteration to a place of public accommodation or a commercial facility, after January 26, 1992, shall be made so as to ensure that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs." 28 C.F.R. § 36.402(a)(1).  Alteration is defined as "a change to a place of public accommodation or a commercial facility that affects or could affect the usability of the building . . . ."  28 C.F.R. § 36.402(c).  Alterations include, but are not limited to, "remodeling, . . . changes or rearrangement in structural parts or elements, and changes or rearrangement in the plan configuration of walls and full-height partitions." 28 C.F.R. § 36.402(b)(1).  Moreover, "changes to mechanical and electrical systems are not alterations unless they affect the usability of the building or facility." 28 C.F.R. § 36.402(b)(1).

Defendant moves for summary judgment on Plaintiff's ADA claims arguing that the ADA provisions Plaintiff relies on do not apply to the two properties at issue because they were constructed before January 26, 1993, and have not undergone any alterations that changed the usability of the properties since.  To begin, it is clear that the property located at 6135 W. Sahara Avenue is not governed by the alteration provisions because the only evidence in the record that an alteration occurred was for one in 1985, prior to January 26, 1992. *See* 42 U.S.C. § 12183(a)(2); 28 C.F.R. § 36.402(a).  With respect to the 6155 W. Sahara Avenue property, Defendant argues that even though a Tenant Improvement Building Permit was issued in 2007, the "alteration" provisions do not apply. (Mot. Summ. J. 7:25–27).  The tenant improvement permit describes the improvements as: "Interior remodel in existing restaurant.  Partition Walls – Plumbing – Electrical – and relocate one existing supply vent for a new yogurt parlor." (6155 W. Sahara Avenue Building Permit/Improvement Permit at 3, Ex. H to Mot. Summ. J.).  In support of its argument, Defendant cites an engineering evaluation that states "based on the

tenant improvement permit #07-27155 issued on June 11, 2007, the description of the work that was done did not alter the usability of the building triggering the 'affects or could affect the usability of the building or facility' exception to the 2010 ADA." (Engineering Evaluation at 5, Ex. 1 to Mot. Summ. J., ECF No. 25).  The evaluation therefore supports a finding that no "alteration" occurred within the meaning of 28 C.F.R. § 36.402(c).  Accordingly, Defendant meets its initial burden of negating an essential element of Plaintiff's claim.  Plaintiff does not put forth any evidence or argument to rebut Defendant's alteration provisions arguments, let alone a conflicting evaluation demonstrating a genuine dispute of material fact.  Plaintiff therefore fails to meet his burden to establish there is a genuine dispute of material fact.  Thus, Defendant is entitled to summary judgment to the extent Plaintiff's claims implicate the alterations provision.

### 2. Readily Available Provisions

The "readily achievable" provisions apply to unaltered portions of buildings constructed before January 26, 1993. 42 U.S.C. § 12183(b)(2)(A)(iv); 28 C.F.R. § 36.304; *Moeller*, 816 F. Supp. 2d at 847.  In existing but unaltered facilities or unaltered portions of facilities, barriers must be removed where it is "readily achievable" to do so. 42 U.S.C. § 12183(b)(2)(A)(iv); 28 C.F.R. § 36.304.  The removal of barriers is "readily achievable" when it is "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. §§ 12181(9), 12182(b)(2)(A)(iv).  The ADA requires courts to consider four enumerated factors when "determining whether an action is readily achievable," including: (A) "the nature and cost of the action needed [ ]"; (B) "the overall financial resources of the facility or facilities involved in the action; the number of persons employed at such facility; the effect on expenses and resources, or the impact otherwise of such action upon the operation of the facility"; (C) "the overall financial resources of the covered entity; the overall size of the business of a covered entity with respect to the number of its employees; the number, type, and location of its

facilities"; and (D) "the type of operation or operations of the covered entity, including the composition, structure, and functions of the workforce of such entity; the geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity." 42 U.S.C. § 12181(9)(A)–(D).

The Ninth Circuit applies a burden-shifting framework when addressing claims for removal of architectural barriers at summary judgment. *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020).  To satisfy his initial burden, a plaintiff "must plausibly show how the cost of removing the architectural barrier at issue does not exceed the benefits under the circumstances." *Lopez v. Catalina Channel Express, Inc.*, 974 F.3d 1030, 1038 (9th Cir. 2020).  If a plaintiff "makes a plausible showing that the requested accommodation is readily achievable, the burden shifts to the defendant to counter the plaintiff's initial showing, and at that point the district court is required under the statute to weigh each of the § 12181(9) factors to determine whether removal of the architectural barrier is readily achievable or not." *Id.* at 1038–39.

To begin, Defendant wholly fails to address the applicability of the readily achievable provisions of the ADA in its Motion for Summary Judgment.  Indeed, it did not raise arguments about these provisions until its Reply, in response to Plaintiff arguing that Defendant is governed by the readily achievable provisions.  However, because Plaintiff has the initial burden under the framework set forth in *Lopez*, and because Plaintiff raised the issue of the applicability of the readily achievable provisions, the Court will determine whether summary judgment is warranted to the extent Plaintiff's claims implicate the readily achievable provisions.

Defendant argues that Plaintiff fails to provide evidence regarding the nature and cost of the action needed, the overall financial resources of Defendant, or the type of operation covered by Defendant. (Reply 8:9–10).  The Court agrees that Plaintiff does not meet his initial burden

of plausibly showing how removing the architectural barriers at issue does not exceed the benefits under the circumstances. *See Lopez*, 974 F.3d at 1038.  The only evidence that Plaintiff submitted to that effect was a three-page declaration from Gene Mattera, the owner/operator ADA-Expert, Inc., and an accompanying exhibit identifying the architectural barriers that are not ADA compliant. (*See generally* Mattera Decl., Ex. 1 to Resp., ECF No. 26-2); (*see* Mattera Report, Ex. A to Resp.).  Mattera testifies that the "barriers to access in existence at the Defendant's property, can be removed, and the removal of the barriers to access is readily achievable." (Mattera Decl. ¶ 4, Ex. 1 to Resp.).  But the declaration does not discuss how much removing the architectural barriers would cost.  In fact, Mattera testifies that a "more detailed" inspection must be performed to create a list of accessible modifications and costs of those accessible modifications. (Mattera Decl. ¶ 4, Ex. 1 to Resp.).  Mattera's declaration and report merely identify the problem; they do not bear on the question of whether remediating the problem is readily achievable.  The Ninth Circuit has explained that facts like these are insufficient for a plaintiff to meet their initial burden. *See Lopez*, 974 F.3d at 1039. Accordingly, Plaintiff fails to plausibly show that the requested accommodation is readily achievable.

Because Plaintiff fails to meet his burden, the Court need not determine whether Defendant has met its burden under *Lopez*. *Id.* at 1038–39.  Thus, Defendant is entitled to summary judgment to the extent Plaintiff's claims implicate the readily available provisions.

In sum, Defendant's Motion for Summary Judgment is GRANTED.

///

///

///

///

///

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment, (ECF No. 25), is **GRANTED.**

The Clerk of Court is kindly directed to close the case.

**DATED** this __5__ day of March, 2026.

_____
Gloria M. Navarro, District Judge
United States District Court